Wilson, Paul D., J.
In an order dated May 12, 2016 (“Ullmann Order”), Judge Ullmann dismissed all claims in this case against the three individual Defendants named in the complaint, but without prejudice to the right of Plaintiff to replead certain claims. Plaintiff has now moved to replead three counts as against Andrea Cabral, one of the originally-named individual Defendants. Defendants have opposed the motion to amend, on the ground that amendment would be futile because the repleaded claims still fail to state claims against Cabral.
I have reviewed Plaintiffs motion, the proposed Amended Complaint, and Defendants’ opposition. I heard oral argument on November 30, 2016. In this *28 Memorandum of Decision and Order, I will allow the motion to amend in part.
1. Count I, Gender Discrimination in Violation of M.G.L.c. 15 IB, §4
In Count I, Plaintiff seeks to add a claim for gender discrimination in violation of M.G.L.c. 15IB, §4(4A) against Cabral for interfering with Plaintiffs enjoyment of her right to be free from gender discrimination. Defendants argue that the amendment would be futile because Plaintiff did not exhaust her administrative remedies by naming Cabral as a respondent before the Massachusetts Commission Against Discrimination. At oral argument, Plaintiff acknowledged the merit of this argument, and withdrew this proposed claim. For that reason, I will deny the motion to amend to add Count I.
2.Counts II and III, Civil Rights Violations under Federal and State Law
In Count II, Plaintiff proposes to add a claim against Cabral under 42 U.S.C. §1983 for violation of her right to be free from gender discrimination under federal law. In Count III, Plaintiff seeks to add a claim against Cabral under M.G.L.c. 12, §§11H and 111, the Massachusetts Civil Rights Act, for violation of rights protected by federal and state law, including certain rights to be free of gender discrimination and her rights under the Family Medical Leave Act. Defendants argue that amending the complaint to add these new claims against Cabral would be futile, because the new factual allegations in the proposed Amended Complaint about Cabral’s actions are insufficient to state a claim for relief against Cabral for civil rights violations.
Defendants’ argument ignores the substance of Judge Ullmann’s order that led Plaintiff to file this proposed Amended Complaint. Judge Ullmann found that the allegations of the original complaint stated a claim for gender discrimination under M.G.L.c. 151B, §4, because the “Complaint sufficiently alleges that [Plaintiffs] employers, EOPSS and DOC [that is, state agency Defendants Massachusetts Executive Office of Public Safety and Security and Massachusetts Department of Correction], terminated her for failing to discipline certain correction officers, while not terminating men who were in a comparable position to discipline the same corrections officers, and that the reason for the employers’ decision to terminate her was gender discrimination.” Ulmann Order at 2. Judge Ullmann further decided that, because those sufficiently-alleged allegations of employment discrimination “are substantially the same” as the “elements necessary to establish a prima facie case for an equal protection claim filed pursuant to §1983,” the original complaint stated a claim for relief under 42 U.S.C. §1983. Ullmann Order at 3. Finally, in discussing the claim in the original complaint under the Massachusetts Civil Rights Act, Judge Ullmann ruled, “As currently pled, the Complaint alleges a direct interference with [Plaintiffs] right to employment by firing her.” (Judge Ullmann nonetheless dismissed that claim for failure to allege “threats, intimidation or coercion,” a subject treated in section 3 of this decision, below.)
Judge Ullmann ruled that the original complaint failed to allege specific acts by Cabral (and the other originally-named individual Defendants) “with enough specificity to raise the right to relief above a speculative level.” Ullmann Order at 3. Judge Ullmann made clear that the dismissal of the claims against Cabral was “without prejudice to Plaintiffs right to seek to file an Amended Complaint with enough specificity to raise the right to relief above a speculative level.” Ullmann Order at 3 (emphasis in original). Plaintiff has now accepted Judge Ullmann’s invitation by moving for leave to file an Amended Complaint that starts from the factual allegations that Judge Ullmann has already found sufficient to state a federal civil rights claim against the agency Defendants. The proposed Amended Complaint then adds factual allegations about the role of Cabral in the events that inspired this lawsuit.
Defendants concede that the proposed Amended Complaint alleges that Cabral asked for Plaintiffs resignation, denied her request for leave under the Family Medical Leave Act, and later terminated her employment. Opposition at 8. In the portions of the Ullmann Order discussed above, Judge Ullmann has already ruled that the original allegations were sufficient to state a claim against the agency Defendants for gender discrimination and an equal protection violation in firing Plaintiff “while not terminating men who were in a comparable position.” Ullmann Order at 2. The Amended Complaint alleges that it was Cabral who did the firing (and took other actions that also suggest the existence of gender discrimination). Because the original complaint stated a federal civil rights claim against the agency Defendants for firing Plaintiff, it follows that the proposed Amended Complaint states such a claim against Cabral, who, it is now clearly alleged, was the state official who actually did the firing. Therefore Defendants are wrong when they suggest that the amendment to add the federal civil rights claims (or, for that matter, the state civil rights claim) would be futile for this reason.
3. Count III, ‘Threats, Intimidation or Coercion” under Massachusetts Civil Rights Act
A claim under M.G.L.c. 12, §§11H and 1II contains an element not required for a federal civil rights claim under 42 U.S.C. §1983: the plaintiff must allege that the defendant interfered with her rights through “threats, intimidation or coercion.” M.G.L.c. 12, §11H. In dismissing the original complaint, Judge Ullmann ruled, “As currently pled, the Complaint alleges a direct interference with [Plaintiffs] right to employment by firing her. It does not allege that Defendants used threats, intimidation or coercion to achieve this goal.” Ullmann Order at 4.
*29 Plaintiff argues that the more robust allegations concerning Cabral in the proposed Amended Complaint cure this problem. Defendants respond that, even assuming that the now supplemented allegations against Cabral charge her with “direct interference” with Plaintiffs rights, they do not allege that Cabral employed “threats, intimidation or coercion,” and therefore amendment to add Count III against Cabral would be futile.
At oral argument, Plaintiff insisted that a Massachusetts Civil Rights Act claim could be found in the allegations in the proposed Amended Complaint concerning everything that Cabral is alleged to have done to Plaintiff in the course of terminating her. But that is not enough. “A direct violation of a person’s rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the [Massachusetts Civil Rights] Act.” Longval v. Comm’r of Corr., 404 Mass. 325, 333 (1989), citing Pheasant Ridge Assocs. Ltd. P’ship v. Burlington, 399 Mass. 771, 781 (1987).
However, the proposed Amended Complaint alleges that, a few days before Cabral fired Plaintiff, Cabral met with Plaintiff and demanded that she resign immediately. When Plaintiff informed Cabral that she was not prepared to do so at that moment, the proposed Amended Complaint alleges, Cabral told Plaintiff that Cabral did not know if Cabral could let Plaintiff leave the meeting unless Plaintiff resigned, but Cabral would make a call and be right back. Cabral then left the meeting, returned, and told Plaintiff that she could leave. Proposed Amended Complaint ¶¶38, 39. This conduct, if proven at trial and sufficiently linked to a proven violation of a right of the type specified in the Massachusetts Civil Rights Act, would satisfy the “threats, intimidation or coercion" requirement for a claim under that statute.
At oral argument, Defendants responded that these allegations were insufficient to state such a claim, because the proposed Amended Complaint makes clear that Plaintiff never gave in to Cabral’s alleged intimidation by submitting her resignation, either during this meeting or afterwards, instead forcing Cabral to fire her. But this is irrelevant, because the Massachusetts Civil Rights Act also creates a claim for a person whose exercise of her rights “has been interfered with, or attempted to be interfered with,” by a defendant. M.G.L.c. 12, §111 (emphasis added).
I conclude, therefore, that amending the complaint to add the Massachusetts Civil Rights Act claim against Cabral would not be futile.
Conclusion and Order
Plaintiffs Motion for Leave to Amend the Complaint is ALLOWED IN PART, to permit Plaintiff to add the new factual allegations and to add Counts II and III, the federal and state civil rights claims against Cabral. The motion is DENIED IN PART, to prevent Plaintiff from adding the portion of Count I containing the proposed claim against Cabral under M.G.L.c. 151B, because Plaintiff has withdrawn that proposed claim. To avoid future confusion, by December 19, 2016, Plaintiff is to file an Amended Complaint consistent with this Memorandum of Decision and Order and also containing the counts against the agency Defendants that Judge Ullmann declined to dismiss in the Ul-lmann Order.